**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DAVID MCGLYNN,

    Plaintiff,

v.                                                    Case No:   6:23-cv-531-PGB-LHP

EL SOL MEDIA NETWORK INC and
DOES 1 THROUGH 10 INCLUSIVE,

    Defendants

---

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT (Doc. No. 17)**
>
> **FILED:**     **August 21, 2023**
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

On March 23, 2023, Plaintiff David McGlynn instituted this action against El Sol Media Network Inc and "Does 1 through 10, inclusive," seeking damages and injunctive relief for copyright infringement pursuant to the Copyright Act, 17 U.S.C.

§ 101, et seq.  Doc. No. 1.  Plaintiff has never amended the complaint to identify the Doe Defendants.  And no Defendant has appeared in this matter.  On Plaintiff's motion, Clerk's default was entered against El Sol Media Network Inc on June 27, 2023.  Doc. Nos. 15–16.  Now, Plaintiff seeks default judgment against El Sol Media Network Inc, which motion has been referred to the undersigned.  Doc. No. 17.  Upon consideration, however, there are several issues which prevent the undersigned from recommending that the motion be granted.

As an initial matter, Plaintiff's motion fails to address the propriety of service of process on El Sol Media Network Inc.  Doc. No. 17.  *See, e.g.*, *Wagnac, v. Guardnow, Inc.*, No. 6:17-cv-1419-Orl-40GJK, 2018 WL 8016563, at *2 (M.D. Fla. Aug. 22, 2018) (declining to "enter default judgment without being given a clear legal basis for why service is proper").  And upon review, it appears that Clerk's default based on the service effected may have been improperly entered.  *See* Doc. No. 16.

Specifically, the return of service states that El Sol Media Network Inc was served by serving "Juana Ortiz, employee at the address provided," but the return of service contains no address.  Doc. No. 8.  In moving for Clerk's default, Plaintiff represented that service effected on an employee at El Sol Media Network Inc's principal office (which is also the location of its registered agent) was appropriate because "[t]he registered agent was not present at the time of service."  Doc. No. 15, at 4.  *See also* Doc. No. 15-2 ¶ 8 (stating that Juana Ortiz self-identified as an

employee of the business).[1]  However, the return of service does not state that the registered agent was not present at the time that service occurred, or that the process server attempted to serve the registered agent.  *See* Doc. No. 8.  Nor does the return of service state that Juana Ortiz is an employee of the registered agent.  *See id.*  Accordingly, the proof of service does not demonstrate proper service.  *See* Fla. Stat. § 48.081 (2023), Fla. Stat. § 48.091(4) (2023).  And Plaintiff has presented no other evidence establishing the propriety of service.[2]

Notably, in moving for Clerk's default, Plaintiff relied on a prior version of Fla. Stat. § 48.081, which was no longer in effect at the time of service on April 11, 2023.  Doc. No. 15.  This prior version would have permitted service in the absence of the registered agent "on any employee at the corporation's principal place of business or any employee of the registered agent."  *See* Fla. Stat. §

---

[1] Records from the Florida Department of State, Division of Corporations, confirm that El Sol Media Network Inc's President and Registered Agent are the same person (Marcos A Tejeda) located at the same address (2717 Michigan Ave, in Kissimmee, Florida). *Available at* https://search.sunbiz.org/Inquiry/CorporationSearch/ByName, by placing El Sol Media Network Inc in the "Entity Name" field.

[2] The undersigned notes that Plaintiff's counsel submitted a declaration in support of the motion for Clerk's default, but the declaration merely states that Defendant was served at its principal place of business by serving "Juana Ortiz, who was at Defendant's business location at the time of service and self-identified as an employee of Defendant's business."  Doc. No. 15-2 ¶¶ 7–8.  The declaration does not speak to the absence of a registered agent.  *See id.*  Also, Plaintiff includes an invoice for service of process with the default judgment motion, but the invoice states only that service was made on "Juana Ortiz – Employee" at the business address.  Doc. No. 17-2, at 7.

48.081(3)(a) (effective July 1, 2016 through January 1, 2023).³  That language does not appear in the current version of Fla. Stat. § 48.081.  *See* Fla. Stat. § 48.081 (effective January 2, 2023).  And Fla. Stat. § 48.091 provides only that if the registered agent is a natural person and temporarily absent from the registered agent office, process may be effected on an employee of the registered agent, and does not include that service may be made on an employee at the corporation's principal place of business.  Fla. Stat. § 48.091(4) (effective January 2, 2023).  Thus, in addition to the issues cited above regarding the return of service failing to indicate the absence of a registered agent, Plaintiff has not demonstrated that service on an employee at Defendant's principal address would suffice absent legal authority in support of this position.

Moreover, even assuming service were proper on El Sol Media Network Inc., there are other problematic issues with the motion.  First, Plaintiff seeks default

---

³ Still, though, the return of service would have to indicate an attempt to serve and the absence of a registered agent.  *See, e.g.*, *Powell v. Morgan Prop. Sols., Inc.*, No. 6:18-cv-624-Orl-41KRS, 2018 WL 8583268, at *2 (M.D. Fla. Aug. 10, 2018) (rejecting argument that service was proper on employee at the defendant's principal place of business in absence of registered agent under prior version of Fla. Stat. § 48.081 where the return of service did not state that the registered agent was absent when service was effected); *Maitland v. Spectrum*, No. 3:17-cv-1232-J-20JBT, 2018 WL 8545892, at *2 n.2 (M.D. Fla. Feb. 23, 2018) (finding return of service insufficient to establish validity of service where there was no indication that service was attempted on the registered agent, that the defendant failed to comply with Fla. Stat. § 48.091, or that the person served was an employee of the defendant's registered agent).

judgment against El Sol Media Network Inc based on an allegation, made "on information and belief," that El Sol Media Network Inc is the owner and operator of the website that posted the allegedly infringing photograph. Doc. No. 1 ¶¶ 14–15; Doc. No. 17, at 2–3; Doc. No. 17-1 ¶¶ 7–8. However, courts in this District have found that "[a] vague allegation made on 'information and belief' is not sufficient to support a motion for default judgment." *Kennedy v. Taco City 3, Inc.*, No. 6:17-cv-634-Orl-40DCI, 2017 WL 8809626, at *3 n.5 (M.D. Fla. Nov. 22, 2017), *report and recommendation adopted*, 2018 WL 798219 (M.D. Fla. Feb. 9, 2018) (citing *Cohan v. Sparkle Two, LLC*, 309 F.R.D. 655 (M.D. Fla. 2015)). Plaintiff provides no authority to the contrary in his motion. Doc. No. 17.

Second, the motion does not adequately set forth the scope of the injunctive relief sought. Doc. No. 17, at 8–9. Indeed, the motion merely states that Plaintiff is entitled to it and vaguely seeks only to "permanently enjoin Defendant from infringing activities." *Id.* at 9. *See* Fed. R. Civ. P. 65(d)(1) (requiring an injunction to "state its terms specifically" and "describe in reasonable detail—and not by referring to the complaint or other document—the acts or acts restrained or required").

Third, as it relates to the request for attorney's fees, to the extent that both entitlement and amount are properly resolved by one motion, *see* Local Rule 7.01(a), Plaintiff does not adequately support his request, particularly as it relates to the

hourly rate of counsel.  Doc. No. 17, at 7–8.  Indeed, the only support is a declaration from counsel stating her hourly rate ($350) and the number of hours expended, and nothing else.  Doc. No. 17-1 ¶¶ 19–20.  *See generally Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (stating that a reasonable hourly rate for an attorney is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation," which requires "satisfactory evidence" that "speak[s] to rates actually billed and paid in similar lawsuits" and "more than the affidavit of the attorney performing the work.").  Plaintiff has also not adequately supported the costs sought.  *See* 28 U.S.C. §§ 1920, 1921.

Finally, the undersigned notes that the complaint names "Does 1 through 10, inclusive" as Defendants.  Doc. No. 1, at 1, 2 ¶ 7.  By the above-styled motion, Plaintiff does not appear to seek default judgment against these unknown Doe Defendants, which would be improper in any event.  *See, e.g., Thompson v. Mosby Legal Grp., LLC*, No. 3:12-cv-692-J-99TJC, 2013 WL 2191511, at *1 (M.D. Fla. May 21, 2013) (collecting authority for proposition that "default judgments cannot be entered against unnamed or fictitious parties because they have not been properly identified and served").  But the docket does not otherwise demonstrate amendment of the complaint to identify these Doe Defendants, nor indicate that the Doe Defendants have been served.  *See* Fed. R. Civ. P. 4(m).  Thus, Plaintiff will be

directed to show cause why the Doe Defendants should not be dismissed from this case. *See Thompson*, 2013 WL 2191511, at *1.

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Motion for Entry of Final Default Judgment (Doc. No. 17) is **DENIED without prejudice**.

2. On or before **November 14, 2023**, Plaintiff shall file a renewed motion for default judgment against Defendant El Sol Media Network Inc addressing each of the issues outlined in this Order and demonstrating, with citation to evidence and legal authority, that El Sol Media Network Inc was properly served.

3. On or before **November 14, 2023**, Plaintiff shall separately **SHOW CAUSE** in writing why the claims against Defendants "Does 1 through 10 inclusive" should not be dismissed.

**DONE** and **ORDERED** in Orlando, Florida on October 31, 2023.

_Leslie Hoffman Price_
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties